BakNEY, Judge,
delivered the opinion of the court:
This is the claim of a former clerk in the post office at Seattle, Wash., for the extra pay provided for letter carriers by the act of May 24, 1888, 25 Stats., 157, as amended by *52 the act of June 22, 1900, 31 Stats., 257, for time employed in excess of 48 hours during six working days of each week. The acts mentioned read as follows, respectively:
“Be it enacted * * *, That hereafter eight hours shall constitute a day’s work for letter carriers in cities or postal districts connected therewith, for which they shall receive the same pay as is now paid as for a day’s work of a greater number of hours. If any letter carrier is employed a greater number of hours per day than eight, he shall be paid extra for the same in proportion to the salary now fixed by law.”
The amendment:
“Provided, That letter carriers may be required to work as nearly as practicable only eight hours on each working day, but not in any event exceeding forty-eight hours during the six working days of each week, and such number of hours on Sunday, not exceeding eight, as may be required by the needs of the service; and if a legal holiday shall occur on any working day the service performed on said day, if less than eight hours, shall be counted as eight hours, without regard to the time actually employed.”
The act of March 2, 1907, 37 Stats., 1206, upon which in connection with the other statutes quoted this claim is based, provides:
“That after June thirtieth, nineteen hundred and seven, any clerk shall be eligible for transfer to the service of a carrier and any carrier shall be eligible for transfer to the service of a clerk, such transfer to be made to any grade not higher than the corresponding grade of salary, and the time that such clerk or carrier shall have served in the grade from which such transfer was made shall be counted in connection with the service to which such transfer may be made in computing the time of service necessary to entitle such employee to promotion.”
It appears from the evidence that the claimant was appointed a postal clerk in the post office at Seattle February 1, 1904, and served as such continuously until removed in December, 1909.
During the period of employment of the claimant he performed work considerably in excess of the working time prescribed by the statutes quoted. During said time the following act of March 3, 1885, 23 Stats., 385, was also in force:
“Postmasters are authorized, with the approval of the Postmaster General, to assign at any time any clerk or em *53 ployee of tbeir respective post offices to duty in any. branch thereof.”
And the following regulations had been made by the Postmaster General thereunder:
“Clerks and employees in post offices appointed under a certain designation may, when in the opinion of the postmaster the business of the office requires the same, be detailed to, and when so detailed shall perform the duties of any other clerk or employee in the post office in which they are employed or the duties attaching to any other business under any classification designation whatever, whether anyone is employed in said office under such classification designation or not.” Par. 2, sec. 298, P. L. and R.
There is nothing in the evidence to show that claimant was ever assigned to the duties of a letter carrier throughout the period of his employment as such clerk or that during such time he was ever actually so employed. The evidence does show, however, that other letter carriers in other cities have been quite frequently assigned to the duties of post-office clerks; also that post office clerks have often been assigned to and have discharged the duties of letter carriers.
Notwithstanding this fact, the claimant insists? that he is entitled to recover in this suit extra pay for all the excess time he was so employed. This claim is based upon the act of March 2, 1907, supra, as well as the other acts of Congress and regulations thereunder above quoted.
It is contended that these statutes and regulations make the duties of letter carriers and postal clerks practically interchangeable, and that the practice of the Post Office Department has reenforced this condition by a frequent exercise of the power of interchanging of duties thereby given. In other words, it is contended that the status of these two classes of employees of the Government is practically the same, i. e., that a postal clerk is also a letter carrier except in name, and vice versa. From this it is argued that the act of May 24, 1888, supra, making eight hours a day’s work for letter carriers, also applies to postal clerks.
On the other hand, it is contended by the defendants that notwithstanding this occasional interchange of the duties of these two classes of employees their legal status always remains the same, i. e., a carrier always remains a carrier *54 and a postal clerk always a postal clerk, and attention is called to sections 1764 and 1765 of the Revised Statutes as in specific terms prohibiting the payment of claims of this character.
Those statutes are as follows:
“Sec. 1764. No allowance or compensation shall be made to any officer or clerk by reason of the discharge of duties which belong to any other officer or clerk in the same or any other department; and no allowance for compensation shall be made for any extra services whatever which any officer or clerk may be required to perform unless expressly authorized by law.
“Sec. 1765. No officer in any branch of the public service or any other person whose salary, pay, or emoluments are fixed by law or regulations shall receive any additional pay, extra allowance, or compensation, in any form whatever, for the disbursement of public money, or for any other service or duty whatever, unless the same is authorized by law and the appropriation therefor explicitly states that it is for such additional pay, extra allowance, or compensation.”
It appears to us that the decision of the courts in the somewhat famous letter-carrier case of Post v. United States, 27 C. Cls., 244; 148 U. S., 124, is decisive of this case. That was a suit brought in this court under the act of May 24, 1888, supra, to recover for overtime work in excess of eight hours per day performed by letter carriers. During the time such overtime work was performed section 647 of the Post Office Regulations was in force, and it was contended by the Government in that case that the overtime pay given by the statute was restricted to cases where the carrier performed service strictly pertaining to his employment; that is to say, the service of a carrier and not of a clerk. 'This court decided, however, that all work relating to mail matter performed by carriers was to be regarded as carrier service within the intent of the act of May 24, 1888, and that such work as carriers were required by postmasters to perform under said section 647 of the regulations was not the extra services named in said sections 1764 and 1765 of the Revised Statutes. In other words, a letter carrier, so far as related to compensation and hours of labor, remained a letter carrier still, notwithstanding the fact that he may occasionally, as *55 the necessities of the mail service require, have been called upon under said section 647 to perform other duties pertaining to the mail service.
This decision was affirmed by the Supreme Court, and in the opinion the Supreme Court said, "The statute (referring to the act of May 24, 1888) does not say how he must be employed or of what such employment must consist. It is necessary only that he should be a letter carrier and be lawfully employed in work that is not inconsistent with his general business under his employment as a letter carrier.” Post v. United States, 148 U. S., 132.
Applying the reasoning of the court in that case to this, a postal clerk remains a postal clerk so long as he is lawfully employed in work that is not inconsistent with his general business under his general employment as a postal clerk.
Whether this doctrine should be applied to the extent of saying that during such time as a postal clerk may be assigned to and actually.performing the work of a letter carrier he can not receive extra pay for overtime work it is not necessary to decide and is not decided in this case, as it is not shown that the claimant ever performed any duties as a letter carrier.
It follows from the foregoing that the petition should be dismissed, and it is so ordered.